UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| MARCO RODRIGUEZ ORTA, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos.: | 3:11-CR-10-TAV-CCS-1 |
| | ) | | 3:13-CV-673-TAV |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 53]. During pendency of the petition, Petitioner filed a motion for leave to amend [Doc. 60], and request that the Court appoint counsel to assist in litigation of that claim [Doc. 59]. The United States responded in opposition [Doc. 55]. For the reasons discussed below, the request for leave to amend [Doc. 60] will be **DENIED** based on futility, request for the appointment of counsel [Doc. 59] will be **DENIED as moot**, and petition for collateral relief [Doc. 53] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.  BACKGROUND**

On August 8, 2011, Petitioner plead guilty to conspiring to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C), and distribution of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) [Doc. 36 ¶ 1; Doc. 37]. Finding that Petitioner committed the offenses after sustaining a federal conviction for distributing 500 grams or more of cocaine hydrochloride and Georgia conviction for possession of cocaine with intent to distribute, the United States

Probation Office deemed him to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines, with an offense level of 34 [Presentence Investigation Report ("PSR") ¶ 31, 36, 39]. After a reduction for acceptance of responsibility, Petitioner received a total offense level of 31, criminal history category VI, and advisory Guideline range of 188 to 235 months' incarceration [*Id.* ¶¶ 33, 42, 65]. On December 9, 2011, the Court sentenced Petitioner to a bottom-of-the-range 188-month term of imprisonment followed by six years' supervised release [Doc. 46]. Five months later, on May 30, 2012, Petitioner filed a pro se notice of appeal, which the Sixth Circuit denied as untimely in an opinion issued on July 31, 2012 [Docs. 48, 52].

On November 8, 2013, Petitioner filed his original § 2255 petition for collateral relief [Doc. 53]. The United States responded in opposition [Doc. 55], and Petitioner replied with submission of what the Court interprets to be a motion for leave to amend his claim to challenge his career offender designation in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) [Doc. 60], and a request that counsel be appointed to assist in the litigation of that claim [Doc. 59].

## II. REQUEST THAT COUNSEL BE APPOINTED

Petitioner requests that the Court appoint counsel to assist in the litigation of the *Johnson*-based collateral challenge proposed in his request to amend [Doc. 59]. By a standing order entered on February 11, 2016, the Court instructed the Federal Defender Services of Eastern Tennessee ("FDSET") to "identify defendants with a claim for relief under *Johnson*" and appointed FDSET to "represent any defendant who seeks relief under § 2255 in light of *Johnson*." E.D. Tenn. SO-16-02 (Feb. 11, 2016). Because counsel has already been appointed to look into whether Petitioner has a claim and given leave to supplement Petitioner's filings where appropriate, the request for counsel to do the same [Doc. 59] will be **DENIED as moot**.

## III. RESOLUTION OF PETITIONER'S REQUEST FOR RELIEF

### A. Standard of Review

To obtain relief under 28 U.S.C. § 2255, Petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### B. Timeliness of Petition and Amendment

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to

his case. Specifically, he has not established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. The timeliness of his petition [Doc. 53] and later amendment to that petition [Doc. 60] thus depend on whether those documents were submitted in compliance with subsections (f)(1) and (f)(3).

For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—"a conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Using the same reasoning, the Sixth Circuit has made clear that "when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon expiration of the period in which the defendant could have appealed to [such court], even when no notice of appeal was filed." *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (quoting *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)). The same is true when a petitioner files a notice of appeal after the period for doing so has expired and the Court of Appeals dismisses that appeal as untimely. *Id.* (rejecting argument that one year period did not start to run until ninety days after the Court of Appeals dismissed the petitioner's direct appeal as untimely). Petitioner's judgment of conviction became final on December 23, 2011, fourteen days after the Court entered judgment on December 9, 2011. *See Sanchez Castellano*, 358 F.3d at 428 (explaining unappealed judgments become final when the period for filing a direct appeal has elapsed); Fed. R. App. P. 4(b)(1)(A) (20012) (noting criminal defendant was required to file a notice of appeal within fourteen days of entry of the judgment appealed). As a result, the window for requesting timely relief under subsection (f)(1) began to run on that date, expiring on December 23, 2012.

4

### 1. Timeliness of November 8, 2013 Petition

The original petition articulates a singular ground for collateral relief—the Court contravened the mandate of the Supreme Court in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), when it used prior convictions to enhance his sentence under Section 4B1.1 without the jury first confirming the existence and validity of those convictions [Doc. 53].

Failure to file the petition until November 8, 2013—nearly ten and a half months after expiration of subsection (f)(1)'s one-year window on December 23, 2012—makes the motion untimely under subsection (f)(1). To the extent Petitioner attempts to rely on subsection (f)(3)'s independent one-year filing period for relief based on a newly-recognized right made retroactively applicable on collateral review, the Court finds that no such right has been asserted.

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.")

After a thorough review of the petition [Doc. 53], the Court concludes Petitioner has failed to put forth extraordinary circumstances justifying his failure to comply with § 2255(f). *Compare Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence

illustrating a diligent pursuit of the rights asserted); *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to multiple detention transfers and an illness). Petitioner likewise failed to set forth any such circumstances in his subsequently filed motion for leave to amend [Doc. 60]. Because Petitioner has failed to meet his burden, the Court declines to equitably toll the statute of limitations in his favor. The untimely ground raise in the petition [Doc. 53] will be **DENIED** and **DISMISSED**.[1]

## 2. Timeliness of September 23, 2016 Amendment

Petitioner's most recent amendment, filed on September 23, 2016, identifies an entirely novel ground for collateral relief based on *Johnson v. United States* [Doc. 60], and appears to

---

[1] Even assuming he were able to demonstrate extraordinary circumstances sufficient to toll the limitations period, the Court alternatively finds Petitioner's claim fails due to a lack of merit.

In *Almendarez-Torres v. United States*, the Supreme Court held that a prior conviction may be introduced at sentencing to enhance statutory punishment without offending a defendant's constitutional rights. 523 U.S. 224, 239–47 (1998). Two years later, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 446 (2000); *but see Booker v. United States*, 543 U.S. 220, 244 (2005) (reiterating that the fact of a prior conviction is exempt from the general rule that all penalty-enhancing facts must be presented to a jury and proven beyond a reasonable doubt). Relying on its holding in *Apprendi*, the Supreme Court held in *Alleyne* that any fact that increases a statutory mandatory minimum is an "element" of the offense which must be found by a jury or admitted by the defendant. 133 S. Ct. at 2155 (overruling *Harris v. United States*, 536 U.S. 545 (2002), which had held that an increased mandatory minimum was merely a sentencing factor). Petitioner's reliance on *Alleyne* fails for two reasons.

First, *Alleyne* does not apply retroactively to cases on collateral review. *In Re Mazzio*, 756 F.3d 487, 488 (6th Cir. 2014) ("[A]ny new rule announced in Alleyne has not been made retroactive to cases on collateral review by the Supreme Court."); *see also Myrick v. United States*, No. 4:11-CR-13, 2015 WL 5514681, at *2 (E.D. Tenn. Sept. 16, 2015) (same). Second, prior convictions were excluded from the "facts" referenced in *Alleyne*, 133 S. Ct. at 2160 n.1, and thus remain an appropriate subject for judicial fact finding at sentencing per *Almendarez-Torres*, 523 U.S. at 239–47. Thus, even if *Alleyne* applied retroactively it would not justify relief under the circumstances. *Thompson v. Warden*, 598 F. 3d 281, 288 (6th Cir. 2010).

rely on § subsection (f)(3) to show that the request was filed prior to expiration of the statute of limitations [*Id.*]. Unlike the grounds from the original petition, however, Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). It is yet to be seen whether the same is true of the "new rule" created that results from application of *Johnson's* reasoning in the Guideline context. *See Pawlak v. United States*, 822 F.3d 902, 911 (6th Cir. 2016) (holding that *Johnson*'s vagueness analysis applies equally to the Guidelines and, as a result, that the parallel residual provision contained in Section 4B1.2 was void for vagueness); *but see In re Embry*, No. 16-5447, 2016 WL 4056056, at *1 (6th Cir. July 29, 2016) (recognizing that "it is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive [to cases on collateral review] or as a rule dictated by *Johnson* that the Supreme Court has made retroactive").

While it is true that Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should "be freely given when justice so requires," Fed. R. Civ. P. 15(a), relevant factors include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1965)). The Court finds that it need not determine the timeliness of Petitioner's motion under subsection

(f)(3) because, even assuming the Court were to find Petitioner's reliance on *Johnson* triggered a renewed window, the proposed claim would fail as a matter of law.

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses as predicates. The Sixth Circuit recently held that the same vagueness analysis renders the Guidelines' parallel residual clause constitutionally infirm. *See Pawlak*, 822 F.3d at 911 (concluding the "rationale in *Johnson* applies equally" to the Guidelines' residual clause definition of crime of violence).

Section 4B1.1 classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Manual § 4B1.1(a). Only Petitioner's satisfaction of the third prong—possession of two qualifying predicate convictions—is disputed [Doc. 60].

"Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or

8

dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

The validity of Petitioner's sentence thus depends on whether two or more of his prior convictions qualify as "crimes of violence" under one of the unaffected provisions of Section 4B1.2 or as "controlled substance offenses." *See, e.g., United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, Johnson has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n.1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

A review of Petitioner's PSR reveals that a sufficient number of his prior convictions categorically qualify as predicate offenses independent of the residual clause and, as a result, the Court finds that he has failed to demonstrate an entitlement to § 2255 collateral relief.

At least two of Petitioner's convictions—the federal conviction for distributing 500 grams or more of cocaine hydrochloride and the Georgia conviction for possession of cocaine with intent to distribute [PSR ¶¶ 36, 39]—involved the possession of a controlled substance with intent to distribute and carried a maximum penalty in excess of one year incarceration, *see*

9

*United States v. Carter*, 283 F.3d 755, 757–58 (6th Cir. 2002) (finding three convictions for sale of cocaine constituted three separate predicate offenses under 4B1.2); *United States v. Kinzer*, No. 2:10-cr-84, 2014 WL 905847, at *6–7 (E.D. Tenn. Mar. 7, 2014) (explaining two convictions for possession of marijuana with intent to sale constituted "controlled substance offenses"), and, as a result, were properly classified as qualifying predicate convictions under Section 4B1.1(a)(3). *Johnson* is inapposite. *See United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming *Johnson* "irrelevant" where enhancement stemmed from drug offenses). Because *Johnson* does not justify collateral relief, Petitioner's request for leave to amend the complaint to include such a claim [Doc. 60] will be **DENIED** as futile.

IV.  **CONCLUSION**

For the reasons discussed, Petitioner's request for counsel [Doc. 59] will be **DENIED as moot**, request for leave to amend [Doc. 60] will be **DENIED** as futile, and original § 2255 motion [Doc. 53] will be **DENIED** as untimely and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE